# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 15, 2014

## STATE OF TENNESSEE v. OLBIN EUCEDA

**Appeal from the Criminal Court for Davidson County**
**No. 2012A472     Mark J. Fishburn, Judge**

---

**No. M2013-01572-CCA-R3-CD - Filed December 22, 2014**

---

Defendant, Oblin Sabier Euceda, was charged in an eight-count indictment returned by the Davidson County Grand Jury with aggravated robbery of A.H. (the victims will be identified by initials) in Count 1, aggravated robbery of J.H. in Count 2, aggravated robbery of Z.H. (a child less than thirteen years of age) in Count 3, especially aggravated kidnapping of A.H. in Count 4, especially aggravated kidnapping of J.H. in Count 5, especially aggravated kidnapping of Z.H. (by use of a deadly weapon) in Count 6, especially aggravated kidnapping of Z.H. (a victim under thirteen years of age) in Count 7, and rape of a child, Z.H. in Count 8. All charges were committed during a home invasion, and there was a co-defendant who is not before the court in this appeal. The case proceeded to a jury trial where Defendant pled guilty to the first two aggravated robbery charges and the jury found him guilty as charged of the remaining offenses. At the sentencing hearing, the trial court merged the convictions in Count 6 and Count 7 for one conviction of especially aggravated kidnapping of Z.H. After determining the length of sentence for each of the seven convictions, the trial court ordered partial consecutive sentencing for an effective sentence of seventy-five years. In his sole issue on appeal, Defendant asserts that the trial court erred by ordering consecutive sentencing. After a thorough review of the record and the briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Ivan Lopez, Nashville, Tennessee (on appeal); Mary-Kathryn Harcombe and Laura Getz, Nashville, Tennessee, (at trial) for the appellant, Olbin Euceda.

Herbert H. Slatery, III, Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Sharon Reddick and Sarah Davis, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

The trial court sentenced Defendant to serve twelve years for each count of aggravated robbery, twenty-five years for each of the three convictions for especially aggravated kidnapping, and twenty-five years for the conviction of rape of a child. The trial court structured the service of the sentences such that the convictions for the aggravated robberies and especially aggravated kidnapping of A.H. and J.H. would be served concurrently with each other. Also, the trial court ordered the convictions for aggravated robbery and especially aggravated kidnapping of Z.H. to be served concurrently with each other but consecutively to the sentences for the convictions for offenses committed against A.H. and J.H. Finally, the trial court ordered the sentence for the rape of a child conviction to be served consecutively to all the other sentences imposed.

The trial court ordered partial consecutive sentencing because it found, pursuant to T.C.A. § 40-35-115(b)(4), that Defendant was "a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high." *Id*. That statute permits a trial court to order sentences to run consecutively if it finds by a preponderance of the evidence the existence of at least one of seven stated categories, including the "dangerous offender" category described above. *Id*. at (b).

Defendant's specific factual arguments as to why the trial court erred by finding that he is a "dangerous offender" are as follows:

– Defendant's only prior convictions were for two offenses of driving a vehicle without a license in 2007.

– The trial court improperly used other charges pending against Defendant to justify consecutive sentencing.

– The trial court improperly considered Defendant's status as an illegal immigrant at the time of the conviction offense due to the fact he had returned to the United States after twice being deported.

– The trial court erred by disregarding evidence at the sentencing hearing that Defendant's "violent drug addiction" caused Defendant to commit the offenses.

– The trial court failed to give proper consideration to Defendant's prior employment history and also to Defendant's involvement with and support of his minor children.

Defendant also argues that the sentence of seventy-five years at 100% service equates to a sentence of life imprisonment, which is "excessive punishment for a crime [sic] in which there was no loss of life, no shots fire[d], and no physically wounded persons."

Since Defendant does not challenge the sufficiency of the evidence to support the convictions, and his factual challenges to the imposition of consecutive sentencing do not involve facts developed at trial, only a concise summary of the facts developed at trial is necessary. J.H. and A.H. are the parents of Z.H. At the time of the offenses, Z.H. was approximately two weeks shy of her twelfth birthday. She was inside her apartment with her father and younger brother (an infant) while her mother was bringing in groceries. On A.H.'s second trip inside the door, Defendant grabbed A.H. and forced her into the apartment by the use of a handgun. Defendant's co-defendant, also armed, then entered the apartment. Together the perpetrators eventually tied up J.H. and A.H. and took Z.H. to one of the bedrooms. Before this, one of them took A.H. at gunpoint into both bedrooms looking for valuables to take. Eventually, Defendant entered the bedroom where eleven-year old Z.H. had been ordered to stay. While still holding his handgun, Defendant pulled down Z.H.'s underwear and pants and fondled her "lower part." Defendant put down his gun, lowered his own pants, and ordered Z.H. "to suck his private part." Z.H. pushed away from Defendant and told him she "didn't want to" do that. Defendant told Z.H., "If you don't do it, I'm going to shoot you." Defendant grabbed Z.H.'s head and forced her to perform oral sex. Defendant then received a phone call from his co-defendant who was still guarding, with a handgun, J.H. and A.H., who were still tied up. Defendant stopped the oral sex and left the bedroom. However, before leaving, Defendant told Z.H. that "if I [Z.H.] opened my mouth or say anything about this that he [Defendant] was going to come back and kill us [Z.H., her two brothers, and J.H. and A.H.]."

**Analysis**

Whenever a defendant challenges the manner of service of sentences, including consecutive sentencing, the appellate court reviews the trial court's decision under an abuse of discretion standard with a presumption of reasonableness. *State v. Pollard,* 432 S.W.3d 851, 859 (Tenn. 2013). "So long as a trial court properly articulates reasons for ordering consecutive sentences, thereby providing a basis for meaningful appellate review, the sentences will be presumed reasonable and, absent an abuse of discretion, upheld on appeal." *Id.* at 862. However, the application of an abuse of discretion with a presumption of reasonableness standard of review when considering consecutive sentencing based upon the "dangerous offender" category in T.C.A. § 40-35-115(b)(4) does not eliminate the

requirements of *State v. Wilkerson*, 905 S.W.2d 933 (Tenn. 1995) that the "proof must also establish that the terms [of sentencing] imposed are reasonably related to the severity of the offenses committed and are necessary in order to protect the public from further criminal acts by the offender." *Pollard*, 432 S.W.3d at 863 (quoting *Wilkerson*, 905 S.W.2d at 938).

In sentencing a defendant, the trial court must consider: (1) the evidence, if any received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the mitigating and enhancement factors set out in T.C.A. §§ 40-35-113 and 40-35-114; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and (7) any statement the defendant wishes to make on his own behalf about sentencing. *State v. Carter*, 254 S.W.3d 335, 343 (Tenn. 2008) (quoting T.C.A. § 40-35-210(b) (2006)). It is also "critical" that a trial court place on the record the enhancement or mitigating factors that the court considered, if any, as well as the court's reasoning for the sentence, in order to ensure fair and consistent sentencing. *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012).

At the sentencing hearing, there was testimony from a law enforcement officer that Defendant had made admissions of Defendant's criminal conduct in other crimes committed shortly before the criminal incident which is the subject of this appeal. Specifically, Defendant admitted that three days prior to the "J.H., A.H., Z.H." crimes, Defendant and a co-defendant committed a home invasion at a residence located at Hickory Place Apartments. Two adult women and three children were present in the apartment at the time. Defendant admitted that he used a firearm in committing a robbery at the Hickory Place apartment and that he raped one of the women during the home invasion. Defendant admitted that just one day prior to the "J.H., A.H., Z.H." incident he unlawfully forced his way into a residence on Glenrose Avenue where three adults and one child were victims of his act of aggravated robbery by "gunpoint." Finally, Defendant also admitted his active participation at a third aggravated robbery at a residence on Piccadilly Row when he possessed a "gray semiautomatic pistol." Defendant's mother testified at the sentencing hearing that Defendant was a well behaved young man until he began using unspecified drugs. She admitted that Defendant came to the United States illegally from his native Honduras. She acknowledged that he voluntarily deported but then returned to the United States. After he was again deported, this time forcibly by the Immigration and Customs Enforcement Division, he again illegally returned to the United States prior to committing the offenses which are the subject of this appeal.

In making the determination that partial consecutive sentencing was appropriate, the trial court found that the proof justified a finding that Defendant "is a dangerous offender

whose behavior indicates little or no regard for human life, he had no hesitation about committing a crime in which the risk to human life is high." As noted above, before a trial court can properly impose consecutive sentencing based upon the dangerous offender category, the court must find that the evidence establishes that the effective sentence is "reasonably related to the severity of the offenses" and "necessary in order to protect the public from further criminal acts." *Wilkerson*, 905 S.W.2d at 938. The trial court in the case *sub judice* made both of these additional findings. The trial court relied on the following facts in order to justify its conclusion that Defendant is a "dangerous offender" as defined in T.C.A. § 40-35-115(b)(4) and applicable case law. Defendant and his accomplice were both armed with handguns when they committed the crimes during a home invasion where children, including an infant, were present. Those circumstances are highly likely to cause the parents to strongly resist the perpetrators to protect the children, which increases the chances of "something going wrong" in the trial court's words, i.e. a person being seriously wounded or killed by gunfire. In addition, Defendant raped an eleven-year-old girl during the commission of aggravated robberies and especially aggravated kidnappings. The court specifically rejected all testimony that may have indicated Defendant's drug use caused him to commit these crimes. The trial court further found that Defendant's admitted involvement in three other home invasions involving Defendant's possession of a handgun, aggravated robberies, and at least one additional rape showed that society must be protected from Defendant. The trial court also found that the fact Defendant committed the crimes in the case *sub judice* when an infant was present also justified the dangerous offender classification. We note that no one in the family was able to give any attention to the infant while J.H. and A.H. were tied up and Z.H. was forced to go into a bedroom by herself. Also, the evidence that Defendant threatened to return and murder all members of the family if Z.H. told anyone what happened in the bedroom clearly shows that society must be protected from Defendant and that the aggregate sentence reasonably relates to the offenses committed by Defendant.

Defendant is not entitled to relief in this appeal. Accordingly, the judgments of the trial court are affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE